# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH and ELCINDA PERSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>ADVANCED MARKETING & PROCESSING, INC. d/b/a PROTECT MY CAR,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Richard Daschbach ("Daschbach") and Elcinda Person ("Person") (collectively the "Plaintiffs") bring this Class Action Complaint and Demand for Jury Trial ("Complaint") against Advanced Marketing & Processing, Inc. d/b/a Protect My Car ("PMC" or "Defendant") to stop its practice of making unsolicited autodialed telemarketing calls and text messages to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1. Plaintiff Richard Daschbach is a natural person and resident of Exeter, Rockingham County, New Hampshire.

2. Plaintiff Elcinda Person is a natural person and resident of College Park, DeKalb County, Georgia.

3. Defendant PMC is a corporation with its headquarters located at 570 Carillon Parkway, Suite 300, Saint Petersburg, Florida 33716. Defendant conducts business throughout

this District, the State of New Hampshire, and the United States.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which is a federal statute. The Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* because the class consists of over 100 people, there is minimal diversity, and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

5. The Court has personal jurisdiction over Defendant because its members have ongoing and continuous contacts with this District, solicit significant consumer business in this District, have entered into contracts in this District, and the unlawful conduct alleged in this Complaint occurred in and was directed to persons within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in or were directed to this District.

## COMMON FACTUAL ALLEGATIONS

7. Defendant PMC is an auto warranty company that claims to sell consumers extended auto warranty plans.

8. PMC conducts a wide-scale telemarketing scheme that features the placement of autodialed calls and text messages to consumers nationwide.

9. Unfortunately for consumers, PMC casts its marketing net too wide. That is, in an attempt to promote its businesses and to generate leads for its extended auto warranty products, Defendant conducted (and continues to conduct) a national telemarketing campaign that features

the repeated making of unsolicited calls to consumers' telephones, including wireless phones, while utilizing an artificial or prerecorded voice without consent—all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

10. Hence, in Defendant's overzealous attempts to market its services, it placed (and continues to place) autodialed telephone phone calls and text messages to consumers that never provided prior express consent to be called and to consumers with whom it has no prior relationship.

11. The TCPA was enacted to protect consumers from unsolicited telephone calls and text messages like those alleged in this case.

12. In response to Defendant's unlawful conduct, Plaintiffs file the instant lawsuit and seek injunctive and declaratory relief requiring Defendant to cease all unsolicited telemarketing activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

13. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes aggravation, nuisance, and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for any monies consumers paid to wireless carriers for the receipt of such calls, and an interference with and interruption and loss of the use and enjoyment of their telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

14. Defendant knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients.

15. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Classes, it also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF DASCHBACH

16. Plaintiff Daschbach is the primary and customary user of a pre-paid cellular telephone number ending in 7110.

17. On or around May 13, 2019, Plaintiff Daschbach received an autodialed call from PMC from the telephone number 727-835-8246.

18. After answering the call, Plaintiff Daschbach had to say "hello" multiple times before the call was connected to a live agent. This delay is indicative of an autodialer.

19. During the call, PMC attempted to solicit Daschbach to purchase an extended auto warranty.

20. After the call, Daschbach received a follow up email from David Marra from PMC, which provided a sample auto warranty policy.

21. Plaintiff Daschbach does not have a current relationship with Defendant and has never provided any form of prior express consent to Defendant.

22. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff Daschbach actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for monies paid to his wireless carrier for the receipt of such calls, and the interruption and loss of the use and enjoyment of his telephone, including the related data, software, and hardware components, and wear and tear on such components including the

consumption of battery life, among other harms.

23. Defendant is and was aware that the above-described telephone calls are and were being made to consumers like Plaintiff Daschbach who had not consented to receive them.

## FACTS SPECIFIC TO PLAINTIFF PERSON

24. Plaintiff Person is the primary and customary user of a cellular telephone number ending in 7592.

25. On or around May 18, 2019, Plaintiff Person received a text message from PMC to his cellular telephone.

26. The text message was sent from the telephone number 855-910-6113.

27. The text message solicited Plaintiff Person to purchase an extended auto warranty and directed Person to visit https://protectmycar.com/getfreequote/ or call 855-282-7470.

28. Plaintiff Person does not have a current relationship with Defendant and has never provided any form of prior express consent to Defendant.

29. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff Person actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for the monies paid to his wireless carriers for the receipt of such calls, and the interruption and loss of the use and enjoyment of his telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

30. Defendant is and was aware that the above-described telephone calls are and were being made to consumers like Plaintiff Person who had not consented to receive them.

## CLASS ALLEGATIONS

31. In accordance with Fed. R. Civ. P. 23 Plaintiffs Daschbach and Person bring this action on behalf of themselves and two nationwide Classes defined as follows:

> **Autodialed Call Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the same purpose Plaintiff Daschbach was called; (5) using the equipment used to call Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff Daschbach.
>
> **Autodialed Text Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, caused a text message to be sent; (3) to the person's cellular telephone; (4) for the same purpose for which text messages were sent to the Plaintiff Person; (5) using the same system that was used to send text messages to Person; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text Plaintiff Person.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiffs anticipate the need to amend the class definition following discovery into the scope of the class, the manner by which the Plaintiffs supposedly consented to receipt of the calls, the technology used to place the calls, and the identity of any other persons who should be included as party defendants.

32.     **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiffs at this time, but individual joinder is impracticable. On information and belief, Defendant placed telephone calls and text messages to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified through reference to objective criteria, including Defendant's business records, consumer phone records, and other objective evidence to be gained in discovery.

33.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

(c)     Whether Defendant systematically sent text messages to individuals who did not previously provide Defendant and/or its agents with their prior express consent to receive such text messages;

(d)     Whether Defendant made the calls and text messages utilizing an ATDS; and

(e)     Whether Defendant acted willfully such that treble damages are warranted.

34.     **Typicality**: Plaintiffs' claims are typical of the claims of the other members of the Classes. Plaintiffs are members of the Classes and, together with the other Class members, suffered essentially identical harm and damages as a result of Defendant's uniform wrongful

conduct, namely its repeated making of unlawful telemarketing calls.

35. **Fair and Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions, including class actions under the TCPA for autodialed telephone calls and text messages and similar cases. Plaintiffs have no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs.

36. **Conduct Similar Towards All Class Members under Rule 23(b)(2)**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a respective whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the class members and making final injunctive relief appropriate with respect to the Classes as a respective whole. Defendant's practices challenged herein apply to and affect the class members uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as a respective whole, not on facts or law applicable only to Plaintiffs.

37. **Superiority & Manageability under Rule 23(b)(3)**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to

all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b),** *et seq.*
**(On behalf of Plaintiff Daschbach and the Autodialed Call Class)**

38. Plaintiff Daschbach incorporates the foregoing allegations as if fully set forth herein.

39. Defendant made unsolicited and unwanted autodialed telemarketing calls to telephone numbers belonging to Plaintiff Daschbach and the other members of the Autodialed Call Class—without their prior express written consent—in an effort to sell its products and services (namely its extended auto warranties).

40. Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

41. By making unsolicited telephone calls to Plaintiff Daschbach and members of the Autodialed Call Class's cellular telephones using an ATDS without first obtaining prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. As a result of Defendant's unlawful conduct, Plaintiff Daschbach and the members of the Autodialed Call Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, lost data, and other damages, and, under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Daschbach and the other members of the Autodialed Call Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b), *et seq*.
### (On behalf of Plaintiff Person and the Autodialed Text Class)

44. Plaintiff Person incorporates the foregoing allegations as if fully set forth herein.

45. Defendant made unsolicited and unwanted autodialed telemarketing text message calls to cellular telephone numbers belonging to Plaintiff Person and the other members of the Autodialed Text Class—without their prior express written consent—in an effort to sell its products and services (namely its extended auto warranties).

46. Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

47. By making unsolicited text message calls to Plaintiff Person and members of the Autodialed Text Class's cellular telephones using an ATDS without first obtaining prior express

consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

48. As a result of Defendant's unlawful conduct, Plaintiff Person and the members of the Autodialed Text Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls on their cellular phones, lost data, and other damages, and, under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

49. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Person and the other members of the Autodialed Text Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Richard Daschbach and Elcinda Person, individually and on behalf of the Classes, pray for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiffs Daschbach and Person as the representatives of the Classes and appointing their counsel as Class Counsel;

2. A declaration that Defendant utilized an automatic telephone dialing system to place calls and send text messages to Plaintiffs and the Classes without prior express consent;

3. An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiffs and the other Class Members;

4. Pre- and post-judgment interest as allowed by law;

5. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

6. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

                                    Respectfully Submitted,

                                    **RICHARD DASCHBACH and ELCINDA PERSON**, individually and on behalf of all others similarly situated,

Dated: June 10, 2020                  By: /S/ V. Richards Ward, Jr.
                                               V. Richards Ward, Jr., Esquire
                                               NH Bar #14262
                                               Law Office of V. Richards Ward, Jr., PLLC
                                               39 North Main Street, Unit D-3
                                               P.O. Box 1117
                                               Wolfeboro, NH 03894
                                               Rick@VRWardLaw.com
                                               (603) 569-9222

                                               /S/ Patrick H. Peluso
                                               Patrick H. Peluso*
                                               ppeluso@woodrowpeluso.com
                                               Taylor T. Smith*
                                               tsmith@woodrowpeluso.com
                                               Woodrow & Peluso, LLC
                                               3900 E. Mexico Avenue, Suite 300
                                               Denver, CO 80210
                                               Phone: (720) 213-0676

                                               *Motion for admission *pro hac vice* to be filed