UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard Daschbach et al,

      v.                                                              Civil No. 20-cv-706-JL

Advanced Marketing & Processing, Inc.,

**DISCOVERY ORDER**

On April 19, 2021, the court held a conference over the court's online videoconferencing platform, during which the parties discussed disputes surrounding some of the defendant's discovery requests. Prior to the conference, on April 16, the parties also provided written submissions to the court summarizing their positions on each dispute. After considering the points raised by the parties, the court orders as follows:

1. Requests for Production Nos. 4-6, 8; Interrogatories Nos. 6-7: As discussed in the conference, the plaintiff shall produce a list that enables the defendant to identify all Telephone Consumer Protection Act disputes in which the plaintiff is/was involved in the manners described in Requests for Production Nos. 4-6, from October 1, 2014. The plaintiff shall also produce documents responsive to Request for Production No. 8. As discussed further in Paragraph 2 below, the plaintiff is not ordered at this time to produce information regarding referral fees, compensation, or proceeds received from referral(s), as the defendant requests in the final portion of Interrogatory No. 7.

2. Request for Production No. 7; Interrogatory No. 5: For now, the court will not order the plaintiff to comply with this Request and Interrogatory. The court is willing to revisit this if the defendant finds a basis for renewing this Request and/or Interrogatory after the defendant receives and reviews the information described in Paragraph 1 above.

3. Requests for Production Nos. 2, 9, 10 and the Related Request to Inspect the Plaintiff's Internet-Connective Device(s): The defendant's expert is permitted to inspect the

      plaintiff's internet-connective device(s) and internet-based data storage accounts for information responsive to these Requests. It is the court's understanding that the expert's inspection will uncover the IP address associated with the plaintiff and/or his device on April 12, 2019, at the time that the defendant claims the plaintiff visited the website in question. The expert's inspection shall be limited to the six-month period beginning on January 12, 2019. It shall also be limited to the types of websites and internet activity that are relevant to this case. The parties shall stipulate to the scope of the expert's inspection to meet this objective. As agreed to during the conference, the defendant shall also stipulate that his expert will not share with the defendant information that falls outside of this time period and/or subject matter. The parties may seek further guidance from the court if they are unable to limit the expert's search in this manner or otherwise reach an agreement on how to conduct the inspection within these parameters.

4. <u>Interrogatory No. 2</u>:  The plaintiff shall answer this Interrogatory, as the plaintiff's previous answer to the Interrogatory is not responsive.

5. <u>Plaintiff Daschbach's Deposition</u>: As agreed to during the conference, the parties shall proceed with a virtual deposition.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 21, 2021

cc:    Patrick H. Peluso, Esq.
        Taylor True Smith, Esq.
        V. Richards Ward, Jr., Esq.
        Jeffrey A. Backman, Esq.
        Roy Taub, Esq.
        Steven J. Dutton, Esq.